UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTEO TAERRI | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>) Case Number: 1:18-CR-417 AND 1:19-CR-480<br>) USM Number: 71367018<br>)<br>) <u>Steven Berne</u><br>) Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to count(s) 1 in 1:18-cr-417 and count(s) 1 in 1:19-cr-480

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| (Criminal Action No. 1:18-cr-417)<br>50 U.S.C. § 1705 and Title 31, Code of the Federal Regulations, Sections 560.203 and 560.204 | Penalties, Violates and License or Order | August 4, 2016 | 1 |
| (Criminal Action No. 1:19-cr-480)<br>31 U.S.C. § 5324(a)(3) and 5324(d)(1) and 18 U.S.C. § 2 | Structuring Transactions to Evade Reporting Requirement | August 2018 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

June 4, 2020
Date of Imposition of Judgment

*/s/ Leigh Martin May*
Signature of Judge

LEIGH MARTIN MAY, U. S. DISTRICT JUDGE
Name and Title of Judge

June 4, 2020
Date

DEFENDANT: MATTEO TAERRI
CASE NUMBER: 1:18-CR-417 AND 1:19-CR-480

Judgment -- Page **2** of **6**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **TIME SERVED** as to Count 1 of the Indictment in 1:18-cr-417 and Count 1 of the Indictment in 1:19-cr-480.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

DEPUTY UNITED STATES MARSHAL

DEFENDANT:   MATTEO TAERRI
CASE NUMBER:  1:18-CR-417 AND 1:19-CR-480                                                                Judgment -- Page **3** of **6**

Judgment in a Criminal Case
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **THREE (3) YEARS.**

### MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a **controlled substance.**  You must submit to one drug test within 15 days of release from imprisonment and at least **two periodic drug tests** thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   MATTEO TAERRI
CASE NUMBER:  1:18-CR-417 AND 1:19-CR-480                                                                                                         Judgment -- Page **4** of **6**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first notifying your probation officer within 7 days prior to departure.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:   www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.


Defendant's Signature _____ Date _____

USPO's Signature _____ Date _____

DEFENDANT:  MATTEO TAERRI
CASE NUMBER:  1:18-CR-417 AND 1:19-CR-480                                                    Judgment -- Page **5** of **6**

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

As part of your supervision, you must comply with the standard conditions of supervision, and the following additional standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the Court, and bring about improvements in your conduct and condition.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(l)), other electronic communications or data storage devices or media, or office to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You shall permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You will continue to cooperate with the United States in the prosecution of *United States v. Bird*, consistent with the terms set forth in the plea agreement, Case No. 1:19-CR-480.

You are allowed to travel outside the United States and can retain your passport for any such international travel. You are not required to obtain permission from the Court or from your probation officer before embarking on international travel, but you must notify your probation officer as to the dates of any international travel no less than 7 days prior to your departure. If you are traveling prior to October 2020, any such travel shall be concluded before September 30, 2020, so that you are able to testify in the trial of *United States v. Bird,* consistent with the terms set forth in the plea agreement, Case No. 1:19-CR-480.

DEFENDANT: MATTEO TAERRI
CASE NUMBER: 1:18-CR-417 AND 1:19-CR-480                                  Judgment -- Page **6** of **6**

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The defendant must pay to the United States a special assessment of $200 shall be due immediately.

The Court finds that you do not have the ability to pay a fine and cost of incarceration.

<u>Special Assessment</u>

TOTAL          $200

# FORFEITURE

It is ordered that the defendant's right, title and interest in the property identified in the Preliminary Order of Forfeiture for Substitute Asset, dated May 22, 2020, which is hereby incorporated by reference, is forfeited.